***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Baddour. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter.
All parties are subject to and bound by the North Carolina Workers' Compensation Act.
All parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
An employee-employer relationship existed between the parties at all relevant times.
Plaintiff contends that he developed an occupational disease. Plaintiff further contends that he has been totally disabled due to the alleged occupational disease since August 10, 2002.
The issues for determination are:
(a) Whether plaintiff suffers from a compensable occupational disease?
(b) If so, to what benefits is he entitled?
The Commission grants defendant's motion for the written responses of Dr. Finger to questions submitted by the Commission to be made a part of the evidentiary record.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was forty-four years old. Plaintiff received his GED in August of 1976, while in the United States Army.
2. In 1998, plaintiff began working for employer-defendant as a long-distance truck driver. As a long distance truck driver, plaintiff's job was to deliver cast iron pipe, plastic fittings and other materials, anywhere from Virginia to Texas and his duties included driving, filling out paperwork and strapping down various materials on the truck.
3. Plaintiff's job duties did not require that plaintiff load or unload cargo, nor did plaintiff's job duties require any lifting.
4. The truck that plaintiff drove for employer-defendant did not have an "air-ride" suspension system. The lack of an "air-ride" suspension system caused plaintiff to sporadically bounce in the seat of his truck. The bouncing was not strong enough to knock plaintiff out of his seat.
5. Shortly after plaintiff's apnea surgery on June 30, 2000, plaintiff began experiencing low back pain that radiated down his leg. Plaintiff testified that the bouncing caused him to feel pain in his back, beginning on or about June of 2000. Plaintiff felt such pain at most twelve times a day.
6. Plaintiff sought treatment with Dr. Rufus Lefler wherein a MRI was ordered and performed and medication prescribed. Dr. Lefler referred plaintiff to Dr. Frederick E. Finger, III. Plaintiff was diagnosed with spondylolisthesis, and on January 29, 2001, plaintiff underwent a L5 Gill decompression and a L5-S1 pedical screw and plate fusion.
7. The Commission sent written questions regarding the disputed facts in this case to plaintiff's neurosurgeon, Dr. Fredrick E. Finger. In his written response, Dr. Finger opined that plaintiff's duties as a truck driver for employer- defendant did not place plaintiff at a greater risk of developing spondylolisthesis, as compared to the general public. Dr. Finger specifically stated that the "public is equally exposed."
8. Finally Dr. Finger opined that plaintiff reached maximum medical improvement in August of 2002 and anticipated that plaintiff would not need any future medical treatments.
9. The greater weight of the evidence of record demonstrates that plaintiff's was not placed at an increased risk of developing spondylolisthesis as compared to the general public.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that his employment with defendant- employer exposed him to a greater risk of developing spondylolisthesis as compared to the general public. N.C.G.S. § 97-53(13); Rutledge v. Tultex Corp., 308 N.C. 85,301 S.E.2d 359 (1983); Norris v. Drexel Heritage Furnishings, Inc.,139 N.C. 620, 534 S.E.2d 259 (2000); Futrell v. Resinall,151 N.C. App. 456, 566 S.E.2d 181, affirmed, 357 N.C. 158, 579 S.E.2d 269
(2003).
2. A plaintiff seeking compensation for an occupational disease under N.C. Gen. Stat. § 97-53(13) must establish that his disease or condition meets the following three criteria: (1) the condition is "characteristic of persons engaged in the particular trade or occupation in which the claimant is engaged"; (2) the condition is "not an ordinary disease of life to which the public generally is equally exposed with those engaged in that particular trade or occupation"; and (3) there is "`a causal connection between the disease and the [claimant's] employment.'" Rutledge v. Tultex Corp., supra; Futrell v. Resinall, supra.
3. In addition, the claimant must show that the employment significantly contributed to, or was a significant causal factor in, the disease's development. Hardin v. Motor Panels, Inc., 136 N.C. App. 351,524 S.E.2d 368 (2000) (citing Rutledge v. Tultex Corp., 308 N.C. 85,301 S.E.2d 359 (1983)). Even where the condition may have been aggravated but not originally caused by the plaintiff's employment, a claimant must show that the employment placed him at a greater risk for contracting or developing the condition. Futrell v. Resinall Corp., 357 N.C. 158,579 S.E.2d 269 (2003).
4. Plaintiff has failed to meet his burden to establish all necessary elements of an occupational disease under the Act. Therefore, plaintiff is not entitled to recover benefits under the Act. N.C.G.S. §97-53(13).
5. Plaintiff has not established an injury by accident or specific traumatic event. N.C.G.S. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim is hereby, and the same shall be, denied.
Defendants shall pay the costs of this action.
This the 15th day of December, 2003
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER